UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN RIZZO,

                        Plaintiff,

      v.                                                            9:22-CV-0601
                                                                         (GTS/TWD)

CORRECTIONS OFFICER JOHN DOE #1, et al.,

                        Defendants.
_____

APPEARANCES:

JONATHAN RIZZO
Plaintiff, Pro Se
16-A-3374
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

Plaintiff Jonathan Rizzo commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 2 ("Compl."); Dkt. No. 7 ("IFP Application").[1] By

---

[1] Plaintiff's complaint was originally filed in the Southern District of New York, together with an incomplete application to proceed in forma pauperis. *See* Compl.; Dkt. No. 1. By Order entered on May 31, 2022, the Honorable Laura Taylor Swain directed that this action be transferred to this District. Dkt. No. 4 ("May 2022 Order"). On June 7, 2022, plaintiff's case was transferred in to this District from the Southern District of New York. Dkt. No. 5. On June 9, 2022, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 6. Thereafter, plaintiff filed his IFP Application and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 7, 8.

Decision and Order entered on August 18, 2022, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force claims against John Does #1-4 survived sua sponte review and required a response. Dkt. No. 9 ("August 2022 Order"). Because service could not be effectuated on the "Doe" defendants, the Court also directed the Clerk of Court to send a copy of the complaint and August 2022 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the "Doe" defendants. *Id*. at 6-8.

On October 4, 2022, an Assistant Attorney General from the New York State Attorney General's Office filed a letter in an effort to assist plaintiff with identifying the "Doe" defendants. *See* Dkt. No. 12 ("Status Report").

By Order filed on October 5, 2022, plaintiff was directed to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint within thirty (30) days which substitutes the named defendants in place of the "Doe" defendants, and makes any other corrections necessary. *See* Dkt. No. 13 ("October 2022 Order").[2] Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)." *Id*.

More than sixty (60) days has passed since the entry of the October 2022 Order, and plaintiff has failed to submit a proposed amended complaint or seek an extension of time to

---

[2] In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to send plaintiff a copy of his original complaint. *See* October 2022 Order.

do so. Instead, plaintiff sent a letter to the Court on or about November 9, 2022, wherein he acknowledged receipt of the Status Report, attached a copy of it to his submission, and inquired as to the status of his case. Dkt. No. 14.

An action cannot proceed against unidentified defendants. Moreover, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[4]

Because plaintiff is proceeding pro se, the Court will afford him a final opportunity to comply with the October 2022 Order, or explain why he is unable to do so. In the event plaintiff fails to comply with this Decision and Order within thirty (30) days, this action will be dismissed without prejudice without further Order of the Court pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(a).

**WHEREFORE**, it is hereby

---

[3] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[4] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, review the Status Report (Dkt. No. 12) filed by New York State Attorney General's Office and, to the extent that he is able to identify one or more of the previously unidentified defendants based on the submission, submit an amended complaint substituting the named defendant(s) in place of the appropriate unidentified defendant;[5] and it is further

**ORDERED** that, in the event plaintiff is unable to identify any of the defendants he intended to sue despite the Status Report, he must advise the Court of this within **thirty (30) days** of the date of this Decision and Order, and explain why such information is insufficient; and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, along with a copy of the complaint, the docket sheet, and the Status Report.

**IT IS SO ORDERED**.

Dated: December 8, 2022
       Syracuse, NY

Glenn T. Suddaby
U.S. District Judge

---

[5] In the event plaintiff seeks to substitute one or more named defendants in place of the unnamed defendants without any further changes to the original complaint, plaintiff may do so by handwriting the defendant's name in place of unnamed defendant in the appropriate locations throughout the original complaint. Once plaintiff has made these changes, captioned the document as his amended complaint, and signed and dated the proposed amended complaint, he should submit it to the Court for review.